IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 23, 2015 at Knoxville

**FRANK SHACKELTON v. DAVID B. WESTBROOK, WARDEN**

**Appeal from the Circuit Court for Davidson County**
**No. 14C-4647      Joseph P. Binkley, Jr., Judge**

_____

**No. M2015-00252-CCA-R3-HC – Filed July 9, 2015**

_____

The pro se petitioner, Frank Shackleton, appeals the Davidson County Circuit Court's summary dismissal of his petition for writ of habeas corpus, arguing that his conviction and sentence are illegal and void because he pled guilty to an offense with a different date from the offense date in the indictment. Because the petitioner has failed to state a cognizable claim for habeas corpus relief, we affirm the summary dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR. and TIMOTHY L. EASTER, JJ., joined.

Frank Shackelton, Nashville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; and Clark B. Thornton, Senior Counsel, for the Appellee, State of Tennessee.

**OPINION**

**FACTS**

On June 10, 2008, the Wilson County Grand Jury returned an indictment charging the petitioner with the rape of a child, with the offense date listed as "the ___ day of March, 2008." On October 1, 2009, the petitioner pled guilty to the amended charge of attempted aggravated sexual battery and was sentenced as a Range II, multiple offender to ten years in the Department of Correction. The offense date on the judgment form is listed as March 29, 2007.

On October 31, 2014, the petitioner filed a petition for writ of habeas corpus in the Davidson County Circuit Court, alleging that his judgment was void and his sentence illegal because of the different offense dates in the indictment and judgment. The petitioner additionally alleged that his sentence was illegal because he lacked the requisite prior offenses to be classified as a Range II offender.

On January 8, 2015, the habeas corpus court summarily dismissed the petition, finding that there was nothing on the face of the indictment or judgment to show that the conviction was void. This appeal followed.

## ANALYSIS

It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007); State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)).

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, when a "habeas corpus petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing." Summers, 212 S.W.3d at 260 (citing Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005)). Whether the petitioner is entitled to habeas corpus relief is a question of law. Id. at 255; Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). As such, our review is *de novo* with no presumption of correctness given to the habeas court's findings and conclusions. Id.

The petitioner argues that his judgment is void and his sentence illegal because of the discrepancy between the date of the offense in the indictment and in the judgment. Although defenses based on the validity of an indictment must ordinarily be raised pretrial, see Tenn. R. Crim. P. 12(b)(2), (f), "the validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for habeas corpus when the indictment is so defective as to deprive the court of jurisdiction." Dykes, 978 S.W.2d at 529. Generally, an indictment is valid if it contains information that is sufficient "(1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) protect the accused from double jeopardy." State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997); see also Tenn. Code Ann. § 40-13-202 (2010).

2

We agree with the State that the discrepancy in offense dates does not render the indictment invalid.

> The rule of law is well-established in Tennessee that the exact date, or even the year, of an offense need not be stated in an indictment or presentment unless the date or time is a material ingredient in the offense. In fact, in order to establish the legal sufficiency of that charging instrument, the state need allege only that the offense was committed prior to the finding of the indictment or presentment.

State v. Byrd, 820 S.W.2d 739, 740 (Tenn. 1991) (internal quotations and citations omitted). The indictment alleged that the offense was committed in March 2008, a date prior to the return of the indictment. Thus, the trial court had jurisdiction over the case. Any variance in the date would render the conviction at most voidable, rather than void, and therefore does not present a cognizable claim for habeas corpus relief.

As for the petitioner's complaint that he did not qualify for sentencing as a Range II offender, it is also well-established that the issues of offender range and release eligibility are non-jurisdictional and, therefore, subject to plea bargaining. See McConnell v. State, 12 S.W.3d 795, 798 (Tenn. 2000). As such, the petitioner's having pled guilty to a lesser offense in exchange for a sentence outside his ordinary offender classification does not render his sentence illegal.

## CONCLUSION

Because the petitioner failed to state a cognizable claim for habeas corpus relief, we affirm the summary dismissal of the petition for writ of habeas corpus.

_____
ALAN E. GLENN, JUDGE

3